# R. C. BOWERS GRANITE CO.

v.

# THOMAS FARRELL & CO.

JANUARY TERM, 1894.

*When connected transactions constitute independent contracts.   Presumption of regularity.*

1. The defendant was engaged in the manufacture of granite at Quincy, Mass., and the plaintiff in selling manufactured granite at Montpelier, Vt.   Having entered into negotiations as to future business, it was arranged that the plaintiff should pay the defendant for all orders within thirty days from the delivery of each.   Under this arrangement the plaintiff from time to time sent the defendant drawings of such work as it required for a price, and upon receiving this sometimes placed the work with the defendant and sometimes not.   *Held*, that each order constituted a separate and independent contract into which the general understanding as to time of payment was carried by implication, and that a failure upon the part of the plaintiff to pay for one order within thirty days would be no justification to the defendant in refusing to execute other orders which it had then accepted.

2. The plaintiff ordered a monument of the defendant to be shipped directly to Ohio from Quincy, and paid for the same within thirty days after date of shipment.   Upon its arrival in Ohio the purchaser refused to receive it for that it did not meet the requirements of the order.   At this time the defendant had taken several orders from the plaintiff, some of which it filled and delivered.   Thereupon the plaintiff refused payment unless it was allowed the amount of the first monument, and the defendant refused to fill any further orders unless paid for those it had filled.   The plaintiff sought to recover in the first count the price paid for the first monument and in the second count

damages for failure to fill an order for another monument. In respect to the first count the court charged in a manner not excepted to, and the jury returned a verdict for four hundred ninety-four dollars and ninety-six cents. As to the second count the court declined to instruct the jury that the failure to pay for some other order within the thirty days would excuse the defendant from filling this order, to which the defendant excepted, and the jury returned a verdict for the plaintiff. *Held*, that this verdict might be sustained, even though the refusal to so charge was erroneous; for upon the verdict on the first count it must be presumed that the price of that monument was paid under such circumstances that it was the plaintiff's money in the hands of the defendant, which the plaintiff might apply in payment of whatever was due to the defendant from it and which it attempted to apply in payment of these orders, and, the contrary not appearing, it will be further presumed that the amount due on such orders did not exceed the amount so in defendant's hands, and that therefore the plaintiff did not owe the defendant anything when it refused to fill the order embraced in the second count.

Special assumpsit in two counts. Plea, the general issue. Trial by jury at the September term, 1893, Washington county, ROWELL, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts. The opinion states the case.

*S. C. Shurtleff* for the defendant.

When the plaintiff refused to pay according to the contract the defendant might refuse to fill further orders under that contract. *Frost* v. *Knight*, L. R. 7 Ex. 111; *Fletcher* v. *Cole*, 23 Vt. 114; *Chamberlin* v. *Neal et al.*, 9 Allen 410; *White* v. *Atkins*, 8 Cush. 367; *Stephenson* v. *Cady*, 117 Mass. 6.

*Dillingham, Huse & Howland* for the plaintiff.

Each order was a separate contract and failure of the plaintiff in respect to one could not justify a breach of an-

other by the defendant. *Wooten* v. *Walters*, 110 N. C. 251,
256; 2 Pars., Cont., *529; *Day* v. *Essex County Bank*, 13
Vt. 97; Benj. Prin. Cont., 133; *Dingley* v. *Oler*, 117 U. S.
490, 502; *Fay* v. *Oliver*, 20 Vt. 122; *Derby et al. v. Johnson et al.*, 21 Vt. 21.

Moreover the direction by the plaintiff to the defendant to
apply the money in its hands in that manner amounted to a
payment. *Emigrant Co.* v. *County of Adams*, 100 U. S.
70; *Danville Bridge Co.* v. *Pomeroy & Colony*, 15 Pa. St.
151, 159; *Nolan* v. *Whitney*, 88 N. Y. 648.

THOMPSON, J.    This was an action of special assumpsit in two counts.    There was a verdict and judgment for
the plaintiff for five hundred and forty-one dollars and forty
cents damages.    It appeared that in the summer of A. D.
1890, the plaintiff and defendant had negotiations as to future business.    The plaintiff corporation had its principal
office in Montpelier and was engaged in buying and selling
granite, and delivering it in different parts of the United
States and Canada.    The defendant was engaged in the
manufacture of granite at Quincy, Massachusetts.    At the
commencement of their negotiations it was understood that
the plaintiff should pay for all goods which the defendant
should manufacture for it within thirty days of the date of delivery.    Under this arrangement, the plaintiff, from time to
time, sent drawings of various jobs of work which it wanted,
to the defendant, with a request for prices, and the defendant
made offers, some of which were accepted by the plaintiff, and
the defendant manufactured the articles ordered and delivered
the same on the cars at Quincy, to be shipped to such points as
the plaintiff ordered, and up to and including December 6,
1890, paid the defendant according to their understanding,
within the thirty days after each order was delivered.    November 5, 1890, the defendant delivered on board the cars to the
plaintiff, a granite monument which was shipped to Cincin-

nati, Ohio, for which the defendant was to receive three hundred and sixty dollars.  This was paid for Dec. 6, A. D. 1890, and is the monument in dispute in the first count.  At this time quite a number of other orders for monuments had been sent the defendant by the plaintiff, and the defendant had agreed to furnish the same at prices agreed on between them, among which was one for which damages are claimed in the second count.  The monument in controversy in the first count did not suit the plaintiff's customer for whom it was ordered, of which the plaintiff notified the defendant by letter dated December 20, 1890, claiming that it was made from inferior stock and was defective in other respects.

The defendant on trial claimed that the plaintiff had a reasonable time to examine it before it was paid for, and thereby it was accepted under the contract, and that the plaintiff had subsequently so dealt with it that in law it was an acceptance; while the plaintiff claimed that at the time it was paid for he had not had a reasonable time to inspect and accept it, and that what was subsequently done with it was done with the assent of the defendant.  The court instructed the jury as to the law applicable to the first count so that no exception was taken by either party.  The defendant continued to deliver monuments and other granite to the plaintiff, some in December, 1890, some in February and March following on contracts between them, and at times called on the plaintiff to pay for the same as it had agreed, which the plaintiff refused to do unless the defendant would allow it for what was paid for the monument in dispute under the first count, which the defendant refused to do.  And thereupon the defendant declined to fill any of the orders it then had agreed to fill for the plaintiff, among which is the order named in the second count.  The plaintiff procured the monument elsewhere at a greater cost, and the jury allowed the plaintiff the sum of forty-six dollars and forty-four cents under the second count.  The defendant requested

the court to charge the jury that if the plaintiff refused to pay for the goods furnished according to the agreement, that thereafter the defendant was not bound to continue to fill the orders it had agreed to furnish, and that the plaintiff could not recover under the second count. The court declined to charge as requested, to which the defendant excepted.

The defendant concedes in argument that, unless these transactions are held to constitute an entire contract, there was no error in the refusal to charge as requested.

The general understanding that all goods manufactured by the defendant for the plaintiff should be paid for within thirty days from the delivery thereof, did not in itself constitute a contract by which the defendant was obligated to manufacture and deliver any goods to the plaintiff, nor by which the latter was bound to take and pay for any. It was only after the plaintiff had furnished drawings to the defendant for the respective jobs of work, obtained the price at which it would manufacture and deliver the goods specified, and had accepted the defendant's offer at the price named by it, that a binding contract was consummated between them. Therefore a majority of the court hold that each offer thus negotiated and accepted was an independent contract, into which the general understanding in respect to payment was incorporated by implication, and that each, in respect to performance, must stand alone, and be performed irrespective of the conduct of the parties in regard to the others.

The case can be disposed of upon another ground. It is to be presumed that the evidence was such as would support the verdict for four hundred ninety-four dollars and ninety-six cents for the plaintiff, on the first count. It must, therefore, have tended to prove that the plaintiff paid the three hundred and sixty dollars under a mistake of facts or under such circumstances that it did not operate as an acceptance and payment for the monument described in that count, and

so the defendant held the same as so much money had and received for the plaintiff's use. This being the case the latter, if it so directed, had the right to have it applied on whatever might be due the defendant from it, on the contracts which the defendant had performed. The refusal of the defendant to pay was not absolute, but conditioned upon the refusal of the defendant to thus apply the three hundred and sixty dollars. It does not appear that the three hundred and sixty dollars was not sufficient to pay the defendant all that was due it from the plaintiff at the time of the refusal to manufacture and deliver the monument mentioned in the second count. If sufficient, the defendant was liable for the damages sustained by the plaintiff by reason of such refusal, if the transactions were held to be an entire contract. The record standing thus, it must be presumed that the evidence was such as to require the refusal of the instruction to the jury, requested. *Foster's Exr.* v. *Dickerson,* 64 Vt. 233, and cases there cited.

*Judgment as to the principal debtor affirmed, with costs, and as to trustee, judgment affirmed without costs.*